IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW POPE and JOSHUA RAVE,

                        Plaintiffs,

   v.

ESPESETH, INC., FISH WINDOW
CLEANING SERVICES, INC., and
ANTHONY ESPESETH,

                        Defendants.

OPINION & ORDER

15-cv-486-jdp

---

Plaintiffs Andrew Pope and Joshua Rave are window cleaners who filed a proposed collective action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, and a proposed class action alleging violations of Wisconsin law. They have moved to strike some of the affirmative defenses in defendant Fish Window Cleaning Services, Inc.'s answer, pursuant to Federal Rule of Civil Procedure 12(f). Dkt. 29. The court will deny their motion and decline to strike any affirmative defenses.

BACKGROUND

Plaintiffs work as window washers for defendant Espeseth, Inc., which is a franchisee of defendant Fish Window Cleaning that defendant Anthony Espeseth owns. Plaintiffs allege that defendants paid them by piece rate. That means that defendants did not keep track of the hours that plaintiffs worked, or supplement their pay to meet the minimum wage, or pay them overtime. Plaintiffs also allege that defendants failed to compensate them for the time that they spent receiving assignments and driving to and from job sites.

Plaintiffs filed an amended complaint, Dkt. 14, to which defendant Fish Window Cleaning responded with 20 affirmative defenses, Dkt. 26. Plaintiffs have moved to strike nine of the affirmative defenses as implausible or legally insufficient. Dkt. 29. Fish Window Cleaning has agreed to strike four of them, but contends that the remaining five are appropriate and should not be stricken.

The court has jurisdiction over the federal claims under 28 U.S.C. § 1331, and over the state law claims under 28 U.S.C. § 1367.


ANALYSIS

The parties contest whether five of Fish Window Cleaning's defenses should be stricken under Rule 12(f), which allows the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the moving party, plaintiffs have the burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (internal citations and quotation marks omitted). Because plaintiffs have not carried this burden, the court will deny their motion.

## A. Affirmative Defense C

Fish Window Cleaning's Affirmative Defense C states that plaintiffs' own conduct or omissions caused their damages. Plaintiffs contend that this defense should be stricken because it was Fish Window Cleaning's responsibility to keep track of its employees' hours

and to compensate them according to the law. But determining who was responsible for certain conduct gets to the merits of plaintiffs' claims. At this point, Affirmative Defense C is related to plaintiffs' claims about recording work hours, and allowing it will not unduly prejudice plaintiffs.

## B.  Affirmative Defense D

Fish Window Cleaning's Affirmative Defense D states that plaintiffs' state-law claims are preempted by federal law because they provide no greater protection than the FLSA provides. FLSA preemption depends on the state law and what it prescribes. *See* 29 U.S.C. § 218(a); *Spoerle v. Kraft Foods Global, Inc.*, 614 F.3d 427, 428-30 (7th Cir. 2010). At this early stage in the case, the court cannot yet tell whether the state law claims are preempted. Therefore, this affirmative defense is not "devoid of merit," and the court will decline to strike it.

## C.  Affirmative Defense L

Fish Window Cleaning's Affirmative Defense L states that plaintiffs' claims are barred by the doctrine of *de minimis non curat lex*. Translated, the phrase means that the law does not concern itself with trifles, and so small harms are not worthy of the court's attention. Without the benefit of discovery, neither the parties nor the court yet know the extent of unrecorded time or potential damages. Accordingly, the court will not strike this defense.

## D. Affirmative Defenses O

The FLSA mandates liquidated damages unless defendants were acting in good faith and reasonably believed that their conduct was consistent with the law. *See* 29 U.S.C. § 260; *Shea v. Galaxie Lumber & Const. Co.*, 152 F.3d 729, 733 (7th Cir. 1998). Fish Window Cleaning's Affirmative Defenses O states that it acted in good faith and based its conduct on

reasonable grounds, and so liquidated damages are not appropriate. This issue is also tied to the merits of plaintiffs' claims and is not prejudicial to plaintiffs. The court will not strike it.

### E.  Affirmative Defense P

Fish Window Cleaning's Affirmative Defenses P invokes estoppel to prevent plaintiffs from relying on false reports of time or on failures to follow procedures. Like the other affirmative defenses, Affirmative Defense P depends on discovery and fact development and so the court will not strike it.

Because plaintiffs have failed to show that any of the affirmative defenses are patently meritless or unduly prejudicial, their motion to strike will be denied.

ORDER

IT IS ORDERED that plaintiffs Andrew Pope and Joshua Rave's motion to strike affirmative defenses, Dkt. 29, is DENIED.

Entered April 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge