IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW J. POPE and JOSHUA RAVE,

                              Plaintiffs,

    v.

ESPESETH, INC., and ANTHONY ESPESETH,

                              Defendants.

OPINION & ORDER

15-cv-486-jdp

---

Judgment was entered in this case on September 27, 2017. Defendant Fish Window Cleaning Services, Inc., filed a bill of costs totaling $4,132.13, which was the total transcript fee. Plaintiffs objected. The clerk of court overruled plaintiffs' objections but taxed plaintiffs $4,010.63 after Fish withdrew $121.50 of its requested fees. Dkt. 155. Plaintiffs now seek review of the taxation of that fee. Dkt. 156. Plaintiffs fail to provide any persuasive reason to rethink the order taxing the fee, so their motion will be denied.

Under Federal Rule of Civil Procedure 54, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775 (7th Cir. 1975). Under 28 U.S.C. § 1920, costs may be taxed for "printed or electronically recorded transcripts necessarily obtained for use in the case."

Plaintiffs first argue that Fish should not have been reimbursed $522.50 for Espeseth's deposition transcript because it could have obtained a free electronic copy of the transcript and has not explained why it needed authenticated copies of the deposition exhibits. But "[m]ost competent defense counsel order transcripts of the depositions of" named parties, and those

transcripts are necessarily obtained even if free electronic copies are available. *Donohoo v. Hanson*, No. 14-cv-309, 2017 WL 1250437, at *1 (W.D. Wis. Apr. 4, 2017).

Next, plaintiffs argue that Fish should not have been reimbursed $252.90 for word indices for plaintiffs' deposition transcripts because Fish's counsel could have searched the electronic transcripts instead. But Fish's counsel used the indices, and even in this digital age, "word indices . . . while perhaps not indispensable, [are] nevertheless, 'reasonably necessary.'" *Maher v. City of Chicago*, No. 03-cv-3421, 2007 WL 2908837, at *2 (N.D. Ill. Oct. 2, 2007); *accord White v. City of Chicago*, No. 11-cv-7802, 2015 WL 1402409, at *3 (N.D. Ill. Mar. 23, 2015).

Finally, plaintiffs argue that Fish should not have been reimbursed $305.10 for expedited transcripts of plaintiffs' depositions because Fish's counsel "reviewed the transcripts within 24 hours, rather than immediately." Dkt. 156, at 2. The fact that Fish's counsel reviewed the transcripts within 24 hours *supports* the taxation of the expedited service fee, and as the clerk of court explained, expedited service was reasonable and necessary in light of the quickly approaching summary judgment deadline.

ORDER

IT IS ORDERED that plaintiffs' motion to review the clerk of court's order taxing costs against them, Dkt. 156, is DENIED.

Entered December 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge